UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL GIVENS, CARA LANICE
GIVENS, ISAIAH DANIELS, CARMINA
GIVENS, as the Natural Guardian and Next
Friend of CARION-NOBLE GIVENS, a
minor child, in her representative capacity,

       Plaintiffs,

    v.

OFC. DARRELL COLLINS, in his
individual capacity, OFC. DENIS PODINA,
in his individual capacity, OFC. ANTHONY
CRAWFORD, in his individual capacity,
OFC. JAVIEN DAVIS, in his individual
capacity, OFC. DAVID SPRAGUE, in his
individual capacity, OFC. CLINT DAVIS, in
his individual capacity, OFC. DAVITA
RUTLEDGE, in her individual capacity,
OFC. KEVIN L. HANUS, in his individual
capacity, OFC. CHRISTOPHER J. WISE, in
his individual capacity, OFC. JOSHUA
TUCKER, in his individual capacity, OFC.
WILLIAM BALL, in his individual capacity,
OFC. LARRY JENKINS, in his individual
capacity, OFFICERS JOHN/JANE DOES, in
their individual capacity, and the CITY OF
DETROIT, a Michigan municipality,

       Defendants.

Case No.
Hon.

_____/

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
409 E. Jefferson, 6th Floor
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Carnell Givens, Cara Givens, Isaiah Daniels and Carmina Givens as the Natural Guardian and Next Friend of Carion Noble-Givens, a minor, files this action against Defendant City of Detroit police officers Darrell Collins, Anthony Crawford, Denis Podina, Javien Davis, Clint Davis, David Sprague, Christopher J. Wise, Joshua Tucker, William Ball, Larry Jenkins, and the City of Detroit and says:

1. Plaintiff Carnell Givens is a resident of the City of Detroit, Michigan which is in this Judicial District.

2. Plaintiff Cara Givens is a resident of the City of Detroit which is located in this Judicial District.

3. Plaintiff Isaiah Daniels is a resident of the City of Detroit which is located in this Judicial District.

4. Plaintiff Carmina Givens is the natural guardian and next friend of Carion Noble-Givens who is her 17-year-old son.

5. Defendant City of Detroit Police Department (DPD) Officer Darrell Collins is a resident and/or transacts business in the City of Detroit, Michigan, which is in this Judicial District. He is being sued in his individual capacity.

6. Defendant DPD Officer Anthony Crawford is a resident and/or transacts business in the City of Detroit, Michigan, which is in this Judicial District. He is being sued in his individual capacity.

7. Defendant DPD Officer Denis Podina is a resident and/or transacts business in the City of Detroit, Michigan which is in this Judicial District. He is being sued in his individual capacity.

8. Defendant DPD Officer Javien Davis is a resident and/or transacts business in this Judicial District. He is being sued in his individual capacity.

9. Defendant DPD Police Officer David Sprague is a resident and/or transacts business in this Judicial District. He is being sued in his individual capacity.

10. Defendant DPD Officer Clint Davis is a resident and/or transacts business in this Judicial District. He is being sued in his individual capacity.

11. Defendant DPD Officer Hanus is a resident and/or transacts business in this Judicial District. He is being sued in his individual capacity.

12.     Defendant DPD Officer Larry Jenkins is a resident and/or transacts business in the City of Detroit, Michigan, which is in this Judicial District. He is being sued in his individual capacity.

13.     Defendant DPD Officer Christopher J. Wise is a resident and/or transacts business in this Judicial District. He is being sued in his individual capacity.

14.     Defendant DPD Officer Joshua Tucker is a resident and/or transacts business in this Judicial District. He is being sued in his individual capacity.

15.     Defendant DPD Officer William Ball is a resident and/or transacts business in this Judicial District. He is being sued in his individual capacity.

16.     Defendant DPD Officer Rutledge is a resident and/or transacts business in this Judicial District. He is being sued in his individual capacity.

17.     Defendant DPD Officer JOHN/JANE DOES are yet unknown officers who are residents and or transact business in this Judicial District. They are being sued in their respective individual capacities.

18.     None of the Defendant DPD police officers are entitled to qualified immunity for their respective violations of Plaintiff's clearly established *Fourth* and *Fourteenth Amendment* rights as any reasonable officer would have known.

19.     Defendant City of Detroit is a Michigan municipality which operates the City of Detroit Police Department (DPD).

4

20. Venue is proper pursuant to *28 USC 1391(a) and (b)* because the acts, transactions and occurrences which give rise to this action all took place in the City of Detroit, which is in this Judicial District.

21. This Court has original subject matter jurisdiction over this case and controversy pursuant to *28 U.S.C. Sec. 1331.*

## COMMON ALLEGATIONS

22. Plaintiffs reassert each paragraph above word for word.

23. On April 2, 2026, Plaintiff Carnell Givens, his sister Cara Lanice Givens, Isaiah Daniels Carion Noble-Givens, 17, were together with three small children in their home at 16904 Wormer St. in the City of Detroit.

24. On April 2, 2026, at about 12:45 am, Defendant DPD officers Crawford and Collins were on patrol near Wormer St. and W. McNichols in the City of Detroit.

25. Collins and Crawford belonged to the DPD Special Operations Unit (SOU).

26. The SOU is notorious for its use of overzealous aggressive police tactics that have resulted in countless citizen grievances, official misconduct, the filing of civil rights cases, infirm warrant requests, and constitutional injuries inflicted exclusively upon Black residents in the City of Detroit.

27. Mr. Lee was walking on the sidewalk outside the Wormer St. home.

5

28.     Crawford and Collins wore their SOU "Class C" uniforms and drove a dark, semi-marked scout car.

29.     Collins and Crawford stopped Jacari Lee for a suspected curfew violation, a nonviolent misdemeanor.

30.     Collins never identified himself as police, never told Lee that he could not leave, or that he was about to be searched.

31.     Collins alleged that he saw a gun on Lee and attempted to search for Lee who ran from Collins and into the home of Plaintiffs.

32.     Collins gave chase on foot while and Crawford followed in his scout car and asked for "priority" assistance from units nearby.

33.     Collins and Crawford ran to the front door which Lee had closed behind him and partially opened the front door without announcing who they were or the purpose of their unexpected, uninvited presence.

34.     Plaintiff Carnell Givens and Isaiah Daniels refused Collins and Crawford warrantless entry into their home without some explanation as to who they were and why did they demand warrantless entry into the privacy and sanctity of their home at 1:00 a.m.

35.     DPD personnel surrounded the home so none of the occupants could leave and told the occupants that the officers were not going to leave.

36.    Collins became belligerent, told Daniel to open the "fucking door," and unholstered his gun without explaining a thing.

37.    Crawford, Podina, Wise, Ball and other DPD officers behind Collins at the front door drew their guns and threatened Daniels with the use of lethal force if police were not allowed entry.

38.    Daniels was shocked by the sudden escalation in force, as were Plaintiffs Carnell Givens and Cara Givens, but remained calm, clearheaded and direct.

39.    Daniels told Collins, Crawford, Podina, Wise, Ball and other officers to put down their guns, "we got babies" and "kids here" and "we are not doing that" if the DPD officers wanted Isaiah Daniels and Carnell Givens to fully open the door.

40.    After Collins and others holstered their guns, Isaiah Daniels and Carnell Givens opened the front door but told the officers they were not invited into the home without some lawful explanation and authority.

41.    Plaintiffs Carnell Givens and Isaiah Daniels were cooperative, unarmed, and non-threatening in the lawful protection and sanctity of their home against the blatant unlawful police intrusion.

42.    Daniels told Collins, Crawford, Podina, Wise, Ball, Javien Davis, Clint Davis, Sprague, Tucker, they were not invited inside.

43. Collins began to poke and push Isaiah Daniels, who had made no threats of any kind, had attempted to help the police and hadn't resisted any lawful order or command.

44. Plaintiff Carion Noble-Givens was filming the events with his cell phone.

45. Cara Givens identified herself to Collins, Crawford, Podina, Ball, Wise and others crowded at the threshold that she was the "Legal Guardian."

46. Cara Givens asked what their purpose was and whether police had a warrant.

47. Cara Givens told police she was going to call her lawyer to see whether the two dozen or so armed and irate officers could demand entry into her home without a warrant or an explanation.

48. The discussions between Plaintiffs Isaiah Danials, Carnell Givens, Cara Givens and the Defendant DPD officers at the front door lasted several minutes.

49. Plaintiffs were clear that Collins, Crawford and their cohorts were not invited into their home.

50. At no time were any of the Plaintiffs told that they were under arrest or that physical force was about to be used to coerce compliance with the unlawful entry.

51.     Without justification or legal excuse, Collins, Crawford, Podina, Wise, Ball, Tucker, Javien Davis, Hanus, Clint Davis, Sprague, Jenkins and other DPD officers stormed into Plaintiffs' home and pushed, struck and beat Plaintiffs Carnell Givens, Isaiah Daniels, and Cara Givens.

52.     All hell broke loose.

53.     Collins, Crawford, Podina, Wise, Ball, Javien Davis, Hanus, Clint Davis, Sprague, Javien Davis and other DPD officers pushed Carnell Givens against the wall and began to beat and strike his body with their knees and closed fists without reason or warning.

54.     Defendant Ball placed Plaintiff Carnell Givens in a headlock and unsuccessfully attempted a "takedown" while Collins, Crawford, Podina, Wise, Javien Davis, Clint Davis and other DPD officers handcuffed Carnell Givens.

55.     Collins, Crawford, Podina, Wise, Sprague, Ball, Javien Davis, Clint Davis, Sprague, Tucker, Hanus and/or Jenkins "stood Givens up" while Podina, and Wise leveled full-weight upper-cuts, body blows, knee strikes with closed fists, despite the fact that Carnell was restrained and defenseless.

56.     Carion Givens-Noble recorded the DPD Defendant's unlawful conduct.

57.     Cara Givens, clothed in a bath robe, was physically manhandled, assaulted, handcuffed and placed in the back of a scout car.

58. Cara Givens's two-year-old was bleeding from wounds caused by the DPD officers.

59. During the unlawful search of the home, Defendant Ofc. Larry Jenkins grabbed Noble-Givens and gratuitously threw him across a table to the floor.

60. The DPD officers who handcuffed Plaintiff Isaiah Daniels and escorted him to the squad car gratuitously beat him about his face, head and body placing him in the backseat of a patrol car.

61. Later that night, Plaintiff Isaiah Daniels was released without explanation or criminal charges.

62. Defendant Rutledge reviewed the police reports and videotapes of Collins, Crawford, Javien Davis, Clint Dacis, Joshua Tucker, Sprague, Dennis Podina, Ball, Wise, Jenkins, and the other DPD officers at the scene and knew that the police reports were materially false and at odds with police video footage.

63. Despite this knowledge, and/or in reckless disregard of the truth, Defendant DPD officers Rutledge, Collins and Crawford initiated criminal proceedings against Plaintiff Carnell Givens when they submitted a warrant recommendation and request to the Wayne County Prosecutor's Office for the arrest and prosecution of Carnell Givens for felony assault and resisting police.

64. None of the police reports accurately described the facts known to the officer or reflected in the police video footage, including the numerous *Fourth Amendment* violations alleged herein.

65. On April 22, 2026, all criminal charges were dismissed against Plaintiff Carnell Givens by the state district court who viewed the entire encounter and was horrified.

## COUNT I

### VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS AGAINST UNREASONABLE SEARCH AND SEIZURE AND MALICIOUS PROSECUTION PURSUANT TO *42 USC 1983*

66. Plaintiffs reassert each paragraph above word for word.

67. The *Fourth Amendment* forbids police from conducting unreasonable search and seizures, arrest without probable cause and malicious prosecution. *U.S. Const. amends IV.*

68. The physical entry of the home is the chief evil against which the wording of the *Fourth Amendment* is directed.

69. The privacy of the home "deserves the most scrupulous protection from governmental invasion." *Oliver v. United States,* 466 U.S. 170, 178 (1984)

70. Defendant Collins, Crawford, Podina, Wise, Ball, Javien Davis, Clint Davis, Tucker, Sprague and others lacked any probable cause, legal justification or excuse to force their way into Plaintiffs' home without consent or a warrant.

11

71. No exigent circumstance existed for Defendant DPD to avoid the necessity of consent or a judicially authorized warrant for nonconsensual entry into Plaintiffs' home and the officers had ample tie and opportunity to obtain a warrant/

72. Likewise, Defendant DPD officers' individual and collective use of excessive and gratuitous force violated each Plaintiffs' respective Fourth Amendment guarantees.

73. Plaintiffs Carnell Givens, Isaiah Daniels, Cara Givens and Carion Noble-Givens did not resist police when they insisted on a lawful reason, a judicially authorized warrant or film the constitutional violations.

74. Despite the lack of resistance or aggression, Collins, Crawford, Podina, Ball, Wise, Sprague, Tucker, Javien Davis and Client Davis used excessive and gratuitous force by drawing their weapons, physically beating Plaintiff Carnell Givens about his body before and after he was handcuffed, threatening to taze him and inflict other injuries all while Plaintiff was in the sanctity of in his own home with his family and having not committed a crime.

75. Despite the lack of resistance or aggression, Collins, Crawford, Podina, Ball, Wise, Sprague, Tucker, Javien Davis and Client Davis used excessive and gratuitous force by drawing their weapons, physically beating Plaintiff Isaiah Daniels Givens about his body before and after he was handcuffed, in the sanctity of in his own home with his family and having not committed a crime.

12

76.     Despite the lack of resistance or aggression, Collins, Crawford, Podina, Ball, Wise, Sprague, Tucker, Javien Davis and Client Davis used excessive and gratuitous force by drawing their weapons, physically beating Plaintiff Cara Givens about her body before and after she was handcuffed, in the sanctity of in her own home with her family and having not committed a crime.

77.     Despite the lack of resistance or aggression, Defendant Larry Jenkins threw Plaintiff Carion Noble- Givens across a table and inflicted other injuries all while he was in the sanctity of in his own home with his family and having not committed a crime.

78.     All DPD Defendants saw what was happening and had time and opportunity to intervene to stop the use of gratuitous force but did not.

79.     Instead, the DPD officers either joined in the pummeling of Plaintiffs or looked on and did nothing.

80.     To cover up the unlawful actions described above, Defendants Rutledge, Collins and Crawford initiated criminal proceedings against Plaintiff Carnell Givens for felony assault and resisting.

81.     On August 22, 2026, criminal charges were dismissed against Plaintiff Carnell Givens, and the matter was resolved in his favor.

82.     Defendant DPD officers violated each Plaintiffs clearly established *Fourth Amendment* rights against the unlawful search and seizures, warrantless entry

13

into his home, the unreasonable and gratuitous use of force, especially once handcuffed, and malicious prosecution of Carnell Givens all without probable cause.

83.    The DPD officers' actions were intentional, malicious, and made with deliberate indifference to Plaintiffs' clearly established constitutional rights.

84.    As a direct and proximate cause of the individual DPD officers' unlawful conduct Plaintiffs Carnell Givens, Isaiah Daniels, Cara Givens, and Carion Noble-Givens suffered, among other things, economic damages including payment of attorney fees necessitated by the malicious prosecution, terror, fear, anguish, disbelief, degradation, pain, suffering, embarrassment, emotional distress, depression. Anxiety, PTSD with physical components, and other injuries that will continue to develop through and well beyond this litigation.

**ACCORDINGLY,** Plaintiffs asks this Court to enter judgment against Darrell Collins, Denis Podina, Anthony Crawford, Javien Davis, David Sprague, Clint Davis, Christopher J. Wise, Joshua Tucker, Larry Jenkins and William Ball in the amount in excess of $10,000,000 to fully, fairly and reasonably compensates Plaintiffs for all their injuries, past, present and future, and award Plaintiffs punitive damages, attorney fees, costs, interest and all other legal or equitable relief contemplated by *42 USC 1983, 42 USC 1988* and good conscience.

14

## COUNT II

## MUNICPAL LIABILITY UNDER *MONELL*

85.    Plaintiff reasserts each paragraph above word for word.

86.    At the time of the constitutional deprivations discussed above, Defendant City of Detroit had an illegal policy or custom of violating the *Fourth Amendment's* prohibition against unlawful search and seizures, including entering homes without warrants or probable cause and using excessive and gratuitous force.

87.    At the time of the constitutional deprivations described above, Defendant City of Detroit failed to train its officers in the requirements for a warrantless entry into a home and the use of appropriate force, including deescalation.

88.    At the time of the constitutional deprivations described above, the unconstitutional acts and omissions of the individual Defendant DPD officers were ratified by an official with final decision-making authority and a custom of acquiescence and tolerance to the Defendant City of Detroit's unconstitutional practice.

89.    Defendant City of Detroit has an unconstitutional policy and custom of failing to properly train, investigate and discipline officers who make unlawful stops, use excessive force and fail to intervene when their cohorts engage in the use of excessive force.

15

90. Defendant City of Detroit unlawful policy, practice or custom was the moving force behind the constitutional violations committed by the DPD officers identified above.

91. As a direct and proximate cause of the individual DPD officers' unlawful conduct Plaintiff suffered, among other things, economic damages including payment of attorney fees necessitated by the malicious prosecution, terror, fear, anguish, disbelief, degradation, pain, suffering, embarrassment, emotional distress, depression. Anxiety, PTSD with physical components, and other injuries that will continue to develop through and well beyond this litigation.

**ACCORDINGLY,** Plaintiffs ask this Court to enter judgment against the City of Detroit in the amount in excess of $10,000,000 to fully, fairly and reasonably compensates Plaintiff for all his injuries, past, present and future, and award Plaintiff punitive damages. Attorney fees, costs, interest and all other legal or equitable relief contemplated by *42 USC 1983, 42 USC 1988* and good conscience.

Respectfully submitted,

s/ Todd Russell Perkins
Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
409 E. Jefferson, 6th Floor
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net

16

Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff

Date:  04/28/2026                         Joel@joelbsklarlaw.com


## JURY DEMAND

Plaintiffs demand a jury trial for this cause of action.

Respectfully submitted,

s/ Todd Russell Perkins
Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
409 E. Jefferson, 6th Floor
Detroit, MI 48226
313-964-1702
tperkins@perkinslawgroup.net

Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff

Date:  04/28/2026                         Joel@joelbsklarlaw.com

17